**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **KIMBERLY SPIRES, et al.** | ) | **CASE NO.:** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE:** |
| | ) | |
| **vs.** | ) | |
| | ) | **THE ODFL DEFENDANTS' NOTICE OF REMOVAL** |
| **PROGRESSIVE DIRECT INSURANCE, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Old Dominion Freight Line, Inc. and Bryan R. Carr (hereinafter "ODFL Defendants") respectfully remove this action from the Common Pleas Court of Scioto County, Ohio, which bears the same title as above and is docketed as Case No. 21CIC030 ("State Court Action"). The ODFL Defendants provide the following statement of the grounds for removal:

## INTRODUCTION

1. On or about August 9, 2021, Kimberly Spires and her husband, Daniel Spires, (hereinafter "Plaintiffs") initiated the State CourtAction. In that action, Plaintiffs allege that a truck-passenger vehicle collision occurred on August 30, 2021 in Scioto County, Ohio when, while making a right turn at a traffic signal, Defendant Old Dominion Freight Line Inc.'s ("ODFL") tractor-trailer, driven by Defendant Bryan R. Carr ("Carr"), struck the front and driver side of Plaintiff Kimberly Spires' vehicle which was in the lane next to Carr.

2. In Counts 1, 3[1] and 4 of Plaintiffs' Complaint, attached hereto as **Exhibit A**, Plaintiffs name Defendants Bryan R. Carr, Old Dominion Freight Line, Inc. and John Doe defendants #1-3 that, allegedly, either were directly involved in the accident or indirectly involved in the transportation and logistics chain preceding the accident ("Transportation and Logistics Defendants"), and the allegations against these defendants are essentially the same: that Carr negligently, carelessly, and/or recklessly caused a violent collision with Plaintiff Kimberly Spires and "Defendant Old Dominion Freight Line, Inc. and/or John Doe(s) #1-3, is/are liable under the doctrine of respondeat superior and/or the other applicable legal theories for the acts and/or omissions of its agent, servant, and/or employee, Defendant Bryan R. Carr." *See* Ex. A, Complaint, Counts 1, 3, and 4.

3. Plaintiffs further allege that Plaintiff Kimberly Spires was severely and permanently injured; has and will continue to suffer great pain of body and of mind; suffered mental anguish; and, has and will continue to incur hospital and medical expenses into the indefinite future, as well as lost wages and future earning capacity as a result of the accident. The Complaint also alleges that Plaintiff Daniel Spires has and will continue to suffer a loss of his wife's services, care, comfort, joy, and consortium into the indefinite future.

4. The only remaining cause of action, Count 2, is against the only remaining defendant, Progressive Direct Insurance Company ("Progressive"), and, instead, asserts that "Defendant Bryan R. Carr is considered an uninsured and/or underinsured motorist" and therefore, Plaintiff Kimberly Spires is entitled to the maximum Uninsured/Underinsured motorist benefits under her personal [insurance] policy. *See* Ex. A., Complaint, Count 2.

---

[1] Count 3 of the Complaint is Plaintiff Daniel Spires' loss of consortium claim.

5. While the alleged claims against the Transportation and Logistics Defendants are wholly distinct from the sole claim against Progressive, Plaintiffs lumped these disparate claims together for a straightforward reason: to try to defeat diversity jurisdiction. None of the Transportation and Logistics Defendants are Ohio citizens, but Progressive is an Ohio citizen. Federal jurisdiction cannot be so easily evaded. Where, as here, a plaintiff sues diverse defendants and tacks on a single, distinct claim against one non-diverse defendant in an effort to destroy diversity, it is proper for courts to ignore the citizenship of the non-diverse defendant, sever that defendant, and retain diversity jurisdiction over the diverse parties.

6. In addition, there is no good faith basis to believe that Plaintiffs even have a claim against Progressive. The triggering threshold for underinsured benefits under the subject policy is $25,000. However, motor carriers, such as ODFL, are required under federal law to carry a minimum of $750,000 public (personal injury/property damage) liability insurance. *See* 49 C.F.R. 387.9. In fact, the ODFL Defendants have, at a minimum, $5,000,000 in insurance coverage for this accident as can be seen by the Declarations Page for its insurance policy[2], attached hereto as **Exhibit B** and incorporated herein. While Plaintiffs claim traumatic injuries and damages, the amount in controversy does not exceed $5,000,000.

7. Thus, the basis for removal here is that there is complete diversity of citizenship between Plaintiffs, on the one hand, and the Transportation and Logistics Defendants, on the other hand. The citizenship of Progressive, which is not diverse, should be ignored because it is subject to severance under Rule 21 (because it is an unnecessary and dispensable party under Rule 19 as well as misjoined under Rule 20) and fraudulently misjoined.

8. As discussed below, diversity jurisdiction exists in this action and removal is proper.

[2] The amount of the premium has been redacted.

## VENUE AND JURISDICTION

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 115, 1391, 1441(a), and 1446(a) because the Court of Common Pleas for Scioto County, Ohio, where the Complaint was filed, is a state court within the Southern District of Ohio.

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because: (1) complete diversity of citizenship exists between the Plaintiffs and all necessary and properly joined defendants; (2) the substantive allegations of Plaintiffs' Complaint can fairly be read to indicate that the amount in controversy exceeds $75,000[3], exclusive of interest and costs; and, (3) all other requirements for removal have been reasonably satisfied.

## I. PLAINTIFFS ARE DIVERSE FROM THE TRANSPORTATION AND LOGISTICS DEFENDANTS.

### A. None Of The Transportation And Logistics Defendants Are Citizens Of Ohio.

11. As stated in Plaintiffs' Complaint, Plaintiffs are citizens of Ohio for purposes of diversity jurisdiction. *See* Ex. A, Complaint, ¶ 1.

12. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business " 28 U.S.C. §1332(c)(1). Applying these principles, not one of the Transportation and Logistics Defendants is a citizen of Ohio.

13. Defendant Carr, the driver of the truck involved in the accident with Plaintiff Kimberly Spires, is a resident of West Virginia. Ex. A, Complaint, ¶ 2.

[3] Defendants requested Plaintiffs' counsel stipulate that the amount in controversy did not exceed $75,000 and Plaintiffs' counsel refused to do so.

14. Defendant Old Dominion Freight Line, Inc. is a Virginia corporation with its principal place of business located in Thomasville, North Carolina, and employed Carr at the time of the collision. Interestingly, Plaintiffs do not address ODFL's citizenship anywhere in their Complaint.

15. Accordingly, all of the Transportation and Logistics Defendants are citizens of states other than Ohio.

**B. The Citizenship Of Doe Defendants Should Be Ignored.**

16. The citizenship of the unnamed, unidentified John Doe Defendants 1-3 should be ignored for purposes of determining whether this action is removable based on diversity of citizenship. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of [diversity of citizenship], the citizenship of defendants sued under fictitious names shall be disregarded.").

**C. The Citizenship Of Progressive Should Be Ignored.**

17. According to Plaintiffs' Complaint, Progressive "was and still is an insurance company authorized to transact business in the State of Ohio and which regularly did conduct business in the County of Scioto and the State of Ohio." Ex. A, Complaint, ¶ 8.

18. Progressive should be severed under Fed. R. Civ. P. 21. Even where the face of a complaint shows a lack of complete diversity, removal based on diversity jurisdiction is nonetheless proper if the claims against the non-diverse defendants are severable under Fed. R. Civ. P. 21. Defendants are severable under Fed. R. Civ. P. 21 if they are either unnecessary or dispensable under Fed. R. Civ. P. 19 or if the claims against them are sufficiently distinct from claims against other defendants under Fed. R. Civ. P. 20. Here, Progressive should be severed on both grounds, each of which preserves diversity jurisdiction as to the Transportation and Logistics Defendants.

19. Fed. R. Civ. P. 21 "permits a district court to retain diversity jurisdiction over a case by dropping a nondiverse party if that party's presence in the action is not required under Fed. R. Civ. P. 19, that is, the party to be dropped must not be a necessary party."*Safeco Ins. Co. of America v. City of White House, Tenn*., 36 F.3d 540, 545 (6th Cir. 1994). A party is necessary under Rule 19 if: (1) "in that person's absence, the court cannot accord complete relief among existing parties;" (2) the party claims an interest related to the action and resolving the action in the party's absence may "as a practical matter impair or impede the person's ability to protect the interest;" or (3) the party claims an interest related to the action and resolving the action in the party's absence may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a).

20. As to Fed. R. Civ. P. 19, courts have repeatedly severed non-diverse defendants and denied remand as to diverse defendants where, as here, the non-diverse defendants were unnecessary and dispensable, and the claims against non-diverse and diverse defendants rested on materially distinct factual allegations. *See, e.g.*, *Joseph v. Baxter Int'l, Inc.*, 614 F. Supp. 2d 868, 872–74 (N.D. Ohio 2009); *DeGidio v. Centocor, Inc.*, No. 3:09CV721, 2009 WL 1867676, at *3–4 (N.D. Ohio July 8, 2009); *Kelly v. Aultman Physician Ctr.*, No. 5:13CV0994, 2013 WL 2358583, at *3 (N.D. Ohio May 29, 2013); *Mayfield v. London Women'sCare, PLLC*, No. 15-19-DLB, 2015 WL 3440492, at *3–5 (E.D. Ky. May 28, 2015); *McElroy v.Hamilton Cty. Bd. of Educ.*, No. 1:12-cv-297, 2012 WL 12871469, at *2–3 (E.D. Tenn. Dec. 20, 2012); *Sullivan v. Calvert Mem'l Hosp.*, 117 F. Supp. 3d 702, 705–07 (D. Md. 2015)

21. Severance under these circumstances is consistent with the principle that claims for uninsured motorist benefits are severable from claims against alleged tortfeasors under Fed. R. Civ. P. 19 as a matter of law. *See Gault v. Esurance Prop. & Cas. Ins. Co*., No. 15-13819, 2016 U.S. Dist. LEXIS 99274 (E.D. Mich. July 29, 2016) (court severed claims where plaintiff's claims against insurance company for uninsured motorist benefits were severable against the tortfeasor-driver, the uninsured motorist, that was from Michigan and ruined complete diversity from Michigan plaintiff, as he was not a necessary party under the meaning of Fed. R. Civ. P. 19, and remanded plaintiff's claim against the non-diverse defendant); s*ee also Smith v. Nationwide Mut. Ins. Co.*, 286 F. Supp. 2d 777 (S.D. Miss. 2003) ("This court has reviewed the plaintiffs' complaint carefully and finds that its claims against the non-diverse defendants, the Ladners, are based on negligence relating to the accident in question, while the plaintiffs' claims against ISM and Nationwide, the diverse defendants, sound in contract, failure to pay benefit claims, and tortious interference with contract. In this court's view, the plaintiffs have combined unrelated lawsuits resulting in a fraudulent misjoinder of claims to defeat this court's jurisdiction. Thus, this court finds the motion of the defendants to sever the non-diverse parties and to retain the plaintiff's lawsuit against ISM and Nationwide to be well taken.").

22. Furthermore, Progressive is an unnecessary and disposable party because the triggering threshold of its underinsured benefits is $25,000, and the ODFL Defendants have at least <u>$5,000,000</u> in public liability insurance. There is no colorable claim against Progressive for either uninsured or underinsured motorist benefits. It is not a necessary party.

23. Beyond Fed. R. Civ. P. 19, the claims against Progressive are also misjoined under Fed. R. Civ. P. 20, which provides a distinct basis for severance. Fed. R. Civ. P. 20 permits severance of

claims against non- diverse defendants that do not "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" as the claims against other defendants. Fed. R. Civ. P. 20(a)(2). Courts have repeatedly severed claims against non-diverse defendants and denied remand as to diverse defendants where, as here, the claims against the non-diverse defendants were materially distinct, and arose from different transactions or occurrences. *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 505 (E.D. Cal. 2008); *Anderson v. State Farm Mut. Auto. Ins. Co.*, No. 4:08CV345-RH/WCS, 2008 WL 11366408, at *3 (N.D. Fla. Nov. 10, 2008); *Todd v. Cary's Lake Homeowners Ass'n*, 315 F.R.D. 453, 458–59 (D.S.C. 2016); *DirecTV, Inc. v. Beecher*, 296 F. Supp. 2d 937, 945 (S.D.Ind. 2003); *Randleel v. Pizza Hut of Am., Inc.*, 182 F.R.D. 542, 543 (N.D. Ill. 1998).

24. Severance is appropriate because the *factual basis* for Plaintiffs' claims against the Transportation and Logistics Defendants (alleged theories of negligence) is materially distinct from the factual basis for Plaintiffs' claim against Progressive (requesting declarations as to Kimberly Spires' insurance coverage rights). Plaintiffs' declaratory judgment arises from a contract between Plaintiffs and Progressive only; meanwhile, Plaintiffs' claims against the Transportation and Logistics Defendants sound in tort and have no bearing on Plaintiffs' declaratory judgment claim against Progressive. Plaintiffs do not allege any joint or several liability between any Transportation and Logistics Defendants and Progressive. No question of law or fact common to all defendants will arise in this action. The various negligence claims against the Transportation and Logistics Defendants will turn on theories of negligence, vicarious liability, and whether other Transportation and Logistics Defendants are responsible for the actions of Carr and ODFL. Whether the alleged uninsured motorist renders Plaintiff Kimberly Spires a candidate for uninsured or underinsured motorist benefits will not be relevant.

25. After all, if Plaintiffs want to pursue claims against Progressive, Plaintiffs have an adequate remedy in the State Court Action.

26. Progressive is also fraudulently misjoined. As a further alternative to severance under Fed. R. Civ. P. 21, the citizenship of Progressive should be ignored for purposes of diversity jurisdiction under the fraudulent misjoinder doctrine. "Fraudulent misjoinder occurs when a plaintiff attempts to defeat removal by misjoining the unrelated claims of non-diverse party plaintiffs against a defendant, or . . by misjoining unrelated claims of a plaintiff against non- diverse party defendants." *Joseph v. Baxter Int'l Inc.*, 614 F. Supp. 2d 868, 874 (N.D. Ohio 2009), as amended (May 27, 2009) (quoting *Geffen v. Gen. Elec. Co.*, 575 F. Supp. 2d 865, 869– 72 (N.D. Ohio 2008)); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir.1996), *abrogated on another ground in Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

27. In collision cases similar to this one, federal district courts have relied on the fraudulent misjoinder doctrine to ignore the citizenship of non-diverse defendants and deny remand based on diversity jurisdiction. *Smith v. Nationwide Mut. Ins. Co.*, 286 F. Supp. 2d 777, 781 (S.D. Miss. 2003) ("This court has reviewed the plaintiffs' complaint carefully and finds that its claims against the non-diverse defendants . . . are based on negligence relating to the accident in question, while the plaintiffs' claims against [insurance companies], the diverse defendants, sound in contract, failure to pay benefit claims, and tortious interference with contract. In this court's view, the plaintiffs have combined unrelated lawsuits resulting in a fraudulent misjoinder of claims to defeat this court's jurisdiction. Thus, this court finds the motion of the defendants to sever the non-diverse parties and to retain the plaintiff's lawsuit against [insurance companies] to be well taken.")

28. As such, even if the Court finds that Progressive is not subject to severance under Fed. R. Civ. P. 21, it should find the claims against them misjoined under the fraudulent misjoinder doctrine.

29. In sum, because Plaintiffs are Ohio citizens, and because none of the properly joined Transportation and Logistics Defendants are Ohio citizens, complete diversity of citizenship exists. *See* 28 U.S.C. § 1332(a).

## II. ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

30. The substantive allegations of Plaintiffs' Complaint (as well as the fact that Plaintiffs refused to stipulate otherwise) can fairly be read to indicate that the amount in controversy exceeds $75,000, exclusive of interest and disallowed costs. Indeed, Plaintiffs seek compensatory damages, prejudgment interest and costs and "any other additional relief as the Court deems proper." *See* Ex. A, Complaint, generally. A photograph of the vehicle Plaintiff Kimberly Spires was operating at the time of the collision is attached hereto as **Exhibit C** and incorporated herein. Thus, the amount-in-controversy requirement of 28 U.S.C. § 1332 has been met. *See, e.g., Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold . . .").

31. This Notice of Removal is timely filed. ODFL and Carr were both served with the Complaint on August 12, 2021. Therefore, this Notice of Removal is timely filed within thirty days after Defendants were served. 28 U.S.C. § 1446(b).

32. Defendants have obtained the consent of Defendant Progressive Direct Insurance Company, through counsel, Jennifer K. Nordstrom, who filed an Answer to Plaintiffs' Complaint on behalf of Progressive Direct Insurance Company on or about September 8, 2021, attached hereto as **Exhibit D**.

33. The ODFL Defendants attach hereto as **Exhibit E** a copy of all other process, pleadings and orders served upon it in said state proceeding and a copy of Notice of Filing of Notice of Removal proceeding which said Defendant will serve upon all adverse parties promptly after the filing of this Notice of Removal, pursuant to 28 U.S.C. §1446(a).

34. No admission of fact, law, or liability is intended by this Notice of Removal, and Defendants expressly preserve any and all of their defenses, denials, and objections.

WHEREFORE, Defendants Old Dominion Freight Line, Inc. and Bryan R. Carr respectfully request that the State Court Action be removed from the Common Pleas Court of Scioto County, Ohio, to this Court.

Respectfully submitted,

DICAUDO, PITCHFORD & YODER, LLC

*/s/ Marshal M. Pitchford*
Marshal M. Pitchford, Esq. (0071202)
mpitchford@dpylaw.com
Kathryn A. Vadas, Esq. (0071510)
kvadas@dpylaw.com
209 South Main Street, Third Floor
Akron, OH 44308
Telephone: 330.762.7477
Facsimile: 330.762.8059

*Attorneys for Defendants*

Consent to Remove

*/s/ Jennifer Nordstrom*
*Attorney for Progressive Direct Insurance Company*

**CERTIFICATE OF SERVICE**

This is to certify that on this 9th day of September 2021 a true and correct copy of the foregoing was filed through the Court's ECF system and thereby made available to all registered users, and also served via e-mail upon all counsel of record.

*/s/ Marshal M. Pitchford*
Marshal M. Pitchford